Ronald L. GOODIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–011–CR.

Court of Appeals of Texas, Corpus Christi.

April 14, 1988.

Rehearing Denied May 12, 1988.

Larry Warner, John Chosy, Carinhas & Chosy, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Ronald L. Goodin was convicted by a jury for aggravated assault and sentenced to five years confinement and a $2,500.00 fine. We affirm.

In his first and second points of error, appellant complains that the evidence was insufficient to prove that he committed an assault. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim. App.1984).

A person commits an assault under Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp.1988), if he "intentionally, knowingly, or recklessly causes causes bodily injury to another...." An aggravated assault occurs under § 22.02 when, in the commission of an assault, the person uses a deadly weapon. Appellant was convicted for the aggravated assault of John Francis Macklin by the use of an automobile, which was found to be a deadly weapon.

Appellant's only challenge to the sufficiency of the evidence is that the State failed to prove that Macklin sustained "bodily injury," which is defined in § 1.07(a)(7) (Vernon 1974) as "physical pain, illness, or any impairment of physical condition."

█ The evidence is uncontroverted that the appellant was in the process of repossessing Macklin's car when Macklin climbed on the hood of the car. The appellant then drove for some distance with him on the hood. In response to the prosecutor's question about the physical effect of this drive on him, Macklin testified that: "It took me approximately six to eight weeks to get over a lot of the bruises, the strain, the muscle strain from hanging on to the car." Appellant contends, however, that this did not show "physical pain," because Macklin never testified that he felt "pain" or that his bruises and strains "hurt."

█ In *Ramirez v. State*, 518 S.W.2d 546, 547 (Tex.Crim.App.1975), the Court stated that:

The terms "physical pain," "illness," and "impairment of physical condition" are terms of common usage, and when construed "according to the fair import of their terms," in the context used in Section 1.07(a)(7), supra, are not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to their application."

People of common intelligence understand both physical pain and some of the natural causes of pain. 23 C.J.S. *Criminal Law* § 902 (1961) recognizes the fundamental principal that "[i]n arriving at their verdict the jury are not confined to a consideration of the palpable facts in evidence, but they may draw reasonable inferences and make reasonable deductions therefrom...." It is a reasonable inference men of common intelligence could certainly make that Macklin's bruises and muscle strain caused him "physical pain" according to the fair import of that term as used in § 1.07(a)(7). The fact of a physical intrusion on the body in the form of a cut or scrape can itself be sufficient evidence of the associated physical pain necessary to show "bodily injury." *See Bolton v. State*, 619 S.W.2d 166, 167 (Tex.Crim.App.1981). Points of error one and two are overruled.

In his third and fourth points of error, appellant complains that the trial court erred in overruling certain requested charges to the jury. Before addressing these points, we will examine the procedure appellant followed to preserve the requested charges for review.

Appellant was sentenced on December 18, 1986. Written notice of appeal was filed on January 8, 1987. Appellant did not file a motion for new trial, making the appellate record due in this Court on or before February 17, 1987. Tex.R.App. Proc. 54(b). The transcript was filed timely on January 30, 1987, and the statement of facts was filed timely on February 17, 1987.

On June 11, 1987, four months after the appellate record had been filed in this Court, appellant filed in the trial court a motion to supplement the record and to extend the time to file bills of exception. Although Tex.Code Crim.Proc.Ann. art. 40.-09(7) and (13) had been repealed for ten months at that time, appellant relied on these sections in support of his motion.

On June 16, 1987, appellant filed a motion in this court to supplement the record and to extend the time in which to file bills of exception. Appellant again relied on repealed art. 40.09(4) and (13).

On June 17, 1987, the trial court granted appellant's motion to supplement the record and approved without qualification appellant's two tendered bills of exception. The bills, contained in a supplemental transcript, were then received in this Court on July 2, 1987. On September 19, 1987, we granted appellant's motion to supplement the record with the bills. It is this Court's practice to allow the parties to file supplemental transcripts even when we are aware that they contain materials which may not be considered at a later date. The granting of a motion to supplement the transcript by this Court should not be construed as a holding that all materials presented in the supplemental transcript are regarded as proper for our consideration of an issue on the merits.

█ We now determine that: 1) appellant presented the bills to the trial court after the time for filing bills of exception had expired, 2) the trial court did not have

authority to approve the untimely presented bills, and 3) this Court is not required to consider this supplemental record.

When the appellate record was filed in this Court on February 17, all further proceedings in the trial court were suspended and arrested, except as provided "by law or by these rules [of appellate procedure]." Tex.R.App.P. 40(b).

Neither the Code of Criminal Procedure, decisional law, or the rules of appellate procedure permit the trial court to conduct proceedings with respect to late filed bills of exception. Under previous law, the trial court's approval of a bill of exception after the expiration of the time allowed for its filing was sufficient to show that the time had been extended. *Sims v. State*, 546 S.W.2d 296 (Tex.Crim.App.1977). Current law, however, does not provide the same result.

Tex.R.App.P. 52(c)(11) prescribes the filing deadlines for formal bills of exception. In this case, any formal bill had to be filed by February 17, 1987, the 60th day after the date sentence was pronounced in open court. No bill of exception was filed by that date. Prior law specifically allowed the extending of time to file bills of exception. *See* former art. 40.09(13). Acts 1981, 67th Leg., p. 804, ch. 291, sec. 108. Current law does not provide for extensions by either the trial court or appellate court. Moreover, even if the trial or appellate court had authority to extend the time for filing bills of exception, it would appear by virtue of Tex.R.App.P. 40(b) that the trial court would be without jurisdiction to approve the bills in the absence of an abatement for that purpose. *See Lewis v. State*, 711 S.W.2d 41 (Tex.Crim.App.1986); *Duncan v. Evans*, 653 S.W.2d 38 (Tex.Crim. App.1983).

■ In addition, we do not find that appellant's bills of exception can be supplemental material. They are, if anything, new materials which were prepared and added to the record when the trial court lacked jurisdiction.

Tex.R.App.P. 55 provides in part:
(b) Before Submission. If anything material to either party is *omitted* from the transcript or statement of facts, before submission the parties by stipulation or the trial court, upon notice and hearing, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court of the official court reporter supplying such omitted matter. The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal. (emphasis added)

Rule 55 must be read in context with rules 40(b)(2), limiting the authority of the trial court to act once the appellate record is filed, rule 51(b), requiring a designation of materials to be included in the transcript, and rule 53(a), requiring a designation of matters to be included in the statement of facts.

Rule 55 speaks to material "omitted from the transcript or statement of facts." The term "omitted" implies that the material existed when the appellate record was prepared but was not included in it. Appellant's bills did not exist when the appellate record was prepared and can hardly be considered "omitted" material.

Moreover, no bills of exception were designated pursuant to Tex.R.App.P. 51(b) to be included in the record. Rule 51(b) provides that the failure of the clerk to include designated matter will not be grounds for complaint on appeal if the designation specifying such matter is not timely filed. Appellant filed no designation in this case.

No authority exists for the late filing of bills of exception. Furthermore, the trial court was specifically prohibited by rule from conducting additional proceedings once the appellate record had been filed. Since the trial court had no authority to approve the bills, and since neither the trial court nor court of appeals has authority under the rules to extend the time for filing the bills, the bills need not be considered in addressing appellant's points of error.

Nonetheless, under the holding of *Armstead v. State*, 692 S.W.2d 99 (Tex.Crim. App.1985), we will consider the bills filed by appellant. *See, Farris v. State*, 712 S.W.2d 512 (Tex.Crim.App.) 1986; Tex.R. App.P. 2.

In point of error three, appellant complains that the trial court erred in overruling his requested charge on causation. The court's charge merely instructed the jury that "a person commits an assault if the person intentionally or knowingly *causes* bodily injury to another." (emphasis added.) Appellant requested an additional instruction tracking the language of Tex.Penal Code Ann. § 6.04 (Vernon 1974):

(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

(b) A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:

(1) a different offense was committed; or

(2) a different person or property was injured, harmed, or otherwise affected.

■ A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence, regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986); *Warren v. State*, 565 S.W.2d 931, 933 (Tex. Crim.App.1978). If, however, the alleged defensive theory merely negates an element of the offense and the charge actually given adequately protects the defendant's rights, no affirmative charge must be given. *Sanders*, 707 S.W.2d at 81; *Simmons v. State*, 594 S.W.2d 760, 763 (Tex. Crim.App.1980).

In the present case, appellant contends that a further explanation of causation was essential to this jury's understanding of concurrent causation and to adequately protect his rights. We need not decide this question, however, since the evidence presented at trial fails to support appellant's theory of a sufficient concurrent cause.

■ Appellant contends that Macklin's conduct in jumping on the hood of his car amounted to a sufficient concurrent cause to relieve the appellant of responsibility for then driving the car with Macklin hanging onto the hood. However, Macklin's action in merely jumping on the hood of his car clearly was not sufficient to produce his injuries. Since the evidence did not support a theory on sufficient concurrent cause, no § 6.04 instruction was required. *Daniel v. State*, 577 S.W.2d 231, 235–36 (Tex.Crim.App.1979); *see also Barnette v. State*, 709 S.W.2d 650, 651 (Tex.Crim.App. 1986). Point three is overruled.

■ In point of error four, appellant complains that the trial court erred in overruling his requested charge on necessity. Appellant's requested charge essentially repeated and applied to the facts of the present case the relevant portions of Tex. Penal Code Ann. § 9.22 (Vernon 1974):

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; [and]

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct;....

Although appellant did not testify, he relies on the testimony of Macklin as some evidence of necessity. Macklin testified that, during the time he was being driven around on the hood of his car, he said "quite a few obscenities to the man," which on cross-examination Macklin admitted could probably be characterized as "threats." From this testimony alone, appellant would have us infer that he feared imminent harm and reasonably believed his continued conduct in driving the car was immediately necessary to avoid the harm.

For two reasons, we find that this testimony failed to raise the defense of necessity.

First, the defendant is not entitled to the defense of necessity unless he admits the charged offense. *Pentycuff v. State* 680 S.W.2d 527, 529 (Tex.App.—Waco 1984, pet. ref'd, untimely filed); *Klein v. State*, 662 S.W.2d 166, 170 (Tex.App.—Corpus Christi 1983, no pet.). Otherwise, it would be pure speculation to infer mental impressions of fear and protective responses which the defendant never testified to.

■ Second, one who provokes difficulty, or is responsible for having placed himself in a position from which he attempts to extricate himself by committing a criminal offense, is not entitled to the defense of necessity. *Leach v. State*, 726 S.W.2d 598, 600 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Point four is overruled.

The judgment of the trial court is affirmed.