NO. 07-99-0289-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 29, 2001

______________________________

WILLIS LANG,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 99-463,130; HON. WILLIAM R. SHAVER, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Willis Lang (appellant) appeals his conviction for misdemeanor assault.  Through a single issue, he contends that the evidence was legally and factually insufficient to prove that he caused his victim bodily injury, and without proof of bodily injury, he could not be guilty of assault.  We overrule the contention and affirm the judgment.

Background

Appellant was charged by information with “intentionally, knowingly, and recklessly caus[ing] bodily injury to Angela Holt by striking . . . [her] with [his] hand.”  At trial, the officer who arrived first on the scene, Officer Kenny Brown (Brown), testified that when he first arrived he saw appellant and Angela Holt at the bottom of a staircase and that appellant “had [Holt] . . . up against the side of the apartment building.”  Holt, according to Brown, “had blood on her lower bottom lip, and her cheek was red, and she had some scratches to the left side of her neck.”  Moreover, Holt told Brown that she had attempted to call 911 and appellant “yanked the phone out of the wall and struck her two times in the face and wouldn’t let her go down the stairs.”  In response to the forgoing, Holt stated, at trial that the bleeding from her lip was caused by a fever blister, appellant slapped her once, the slap did not hurt, the scratches probably were self-inflicted, and her appearance at court was involuntary.

Standard of Review

Rather than reiterate the well-settled standards of review applicable to claims of legal and factual insufficiency, we cite the litigants to 
Jackson v. Virginia
, 443 U.S. 307, 99 S.C. 2781, 61 LED.2d 560 (1979); 
King v. State, 
29 S.W.3d 556 (Tex. Crim. App. 2000); 
Clewis v. State, 
922 S.W.2d 126 (Tex. Crim. App. 1996); and 
Moreno v. State, 
755 S.W.2d 866, 867 (Tex. Crim. App. 1988) for explanation of same.

Next, according to statute, one commits a class A misdemeanor assault if, among other things, he 1) “ intentionally, knowingly, or recklessly causes bodily injury to another, including the person’s spouse.”  
Tex. Pen. Code Ann. 
§22.01 (a)(1)-(3) (Vernon Supp. 2001).  Furthermore, “bodily injury” is defined as “physical pain, illness, or any impairment of physical condition.” 
Id. 
at §1.07(a)(8).

Analysis

It has been held that men of common intelligence can reasonably infer that bruises cause physical pain for purposes of determining whether one suffered bodily injury.  
Goodie v. State
, 750 S.W.2d 857, 859 (Tex. App.–Corpus Christi 1988, writ ref’d).  One may also reasonably infer that cuts and scrapes involve the infliction of physical pain sufficient to illustrate bodily injury.  
Id.
  Here, we have evidence of appellant yelling at Holt and striking her twice and of Holt having a red mark left on her cheek and a bleeding lip.  Viewed alone, that constitutes sufficient evidence upon which a rational jury could infer beyond reasonable doubt that Holt suffered pain and, therefore, bodily injury.  Indeed, appellant concedes as much in his brief.  Thus, the evidence of appellant’s guilt was and is legally sufficient.

That the bleeding lip supposedly was caused by fever blisters, that the slap did “not really” hurt, and that the scratches possibly were self-inflicted, according to Holt, constituted evidence potentially contradicting the jury’s verdict.  Yet, to that extent, it merely raised questions of fact and witness credibility for the jury to decide.  In other words, the jury was free to reject Holt’s testimony as effort to hamper the State’s prosecution of her boyfriend or it could deduce, from the testimony of Brown, that she suffered physical pain.  That it chose the latter option given the evidence of her being twice struck in the face and having a bleeding lip, a red mark on her cheek, and scratches did and does not render the verdict clearly wrong or unjust.  So, the verdict was supported by factually sufficient evidence as well. 

The judgment is affirmed.

Per Curiam

Do not publish.