NO. 12-01-00262-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CARLOS GOODACRE,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Carlos Goodacre ("Appellant") appeals his conviction for assault on a public servant for
which he was sentenced to imprisonment for sixteen years and fined eight thousand dollars. 
Appellant raises three issues on appeal. We affirm.


Background

 On May 13, 2001, Deputies Glenn Blaylock ("Blaylock") and Ray Mendez ("Mendez") of
the Smith County Sheriff's Department arrested Appellant pursuant to a parole revocation warrant. 
Both officers were in uniform. During the arrest, Appellant struggled with both officers before he
was finally subdued. Appellant pleaded "not guilty" and the matter proceeded to trial by jury. At
trial, Blaylock testified that, as a result of being struck by Appellant, he suffered scrapes on his hands
and arms, muscle strain and a bruise. Blaylock further testified that he went to the emergency room
following the scuffle, where he was given pain medication.

 The jury found Appellant guilty as charged and the case proceeded to the punishment phase. 
Appellant pleaded "true" to an enhancement paragraph in the indictment related to his prior felony
conviction of felon in possession of a firearm. The State of Texas (the "State") offered evidence of
Appellant's prior convictions and also elicited testimony from Appellant's parole officer, Rachelle
Hartgraves ("Hartgraves"), who testified that Appellant's file indicated that Appellant had admitted
to another parole officer that he had shot and killed a man who pointed a rifle at him. (1) Following
the conclusion of evidence and the argument of counsel, Appellant was sentenced to imprisonment
for sixteen years and fined eight thousand dollars.


Legal Sufficiency

 In his first issue, Appellant contends that the evidence was not legally sufficient to support
the jury's verdict. Specifically, Appellant argues that there was no evidence to support the finding
that he caused bodily injury to Blaylock. Legal sufficiency is the constitutional minimum required
by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. See
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); see
also Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for
reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S.
Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence
is examined in the light most favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct.
at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S.
Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

 A person commits the offense of assault on a public servant if he (1) intentionally, knowingly
or recklessly (2) caused bodily injury (3) to a person he knew was a public servant (4) while the
public servant was lawfully discharging an official duty. See Tex. Pen. Code. Ann. § 22.01(a) and
(b)(1) (Vernon Supp. 2002). Bodily injury means physical pain, illness, or any impairment of
physical condition. See Tex. Pen Code Ann. § 1.07(a)(8) (Vernon 1994). The terms "physical
pain," "illness," and "impairment of physical condition" are terms of common usage, and when
construed "according to the fair import of their terms," in the context used in section 1.07(a)(8), are
not "so vague that men of common intelligence must necessarily guess at [their] meaning and differ
as to their application." See Ramirez v. State, 518 S.W.2d 546, 547 (Tex.Crim.App.1975) (citing
Baker v. State, 478 S.W.2d 445 (Tex. Crim. App. 1972)).

 Here, as Appellant notes in his brief, Blaylock testified that, while struggling to arrest
Appellant, he suffered scrapes on his hands and arms as a result of being struck by Appellant. A
physical intrusion on the body in the form of a cut or scrape can itself be sufficient evidence of the
associated physical pain necessary to show bodily injury. Goodin v. State, 750 S.W.2d 857, 859
(Tex. App.-Corpus Christi 1988, pet. ref'd) (citing Bolton v. State, 619 S.W.2d 166, 167 (Tex.
Crim. App. 1981). Using common intelligence, it is reasonable to infer that Blaylock's scrapes
caused him "physical pain" as that term is defined in section 1.07(a)(8) of the Texas Penal Code. 
See Goodin, 750 S.W.2d at 859. Viewing all the evidence in the light most favorable to the verdict,
we conclude that the jury, as the trier of fact, could find beyond a reasonable doubt that Appellant
caused bodily injury to Blaylock, a public servant. Thus, we hold that the evidence is legally
sufficient to support Appellant's conviction. Appellant's first issue is overruled.

 

Factual Sufficiency

 In his second issue, Appellant contends that the evidence was so contrary to the jury's verdict
as to be clearly wrong and unjust. In considering the issue of factual sufficiency, we first assume that
the evidence is legally sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We then consider all of the evidence in the record related to
Appellant's sufficiency challenge, not just the evidence which supports the verdict. Id. We review
the evidence weighed by the jury which tends to prove the existence of the fact in dispute, and
compare it to the evidence which tends to disprove that fact. See Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997). We may disagree with the jury's determination, even if probative
evidence exists which supports the verdict. See Clewis, 922 S.W.2d at 133. However, our
evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony. See Santellan, 939 S.W.2d at 164. Where there is conflicting
evidence, the jury's verdict on such matters is generally regarded as conclusive. See VanZandt v.
State, 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). Ultimately, we must ask whether
a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside only if a finding of guilt beyond
a reasonable doubt is clearly wrong and unjust. See Clewis, 922 S.W.2d at 134. 

 Here, Appellant argues that the evidence does not suggest that Blaylock suffered bodily
injury as a result of the scuffle with Appellant. We disagree. As we have noted previously, a cut or
scrape can itself be sufficient evidence of the associated physical pain necessary to show bodily
injury. See Bolton, 619 S.W.2d at 167; Goodin, 750 S.W.2d at 859. Blaylock testified that he
suffered scrapes on his hands and arms as a result of being struck by Appellant. Our review of the
record does not uncover any evidence, much less any great weight of evidence, contradicting
Blaylock's testimony as to the scrapes he received, nor does the jury's verdict otherwise shock the
conscience of this court. As such, we hold that the evidence of bodily injury was factually sufficient
to support Appellant's conviction. Appellant's second issue is overruled.


Prior Bad Act Evidence During Punishment Phase

 In his third issue, Appellant contends that the trial court erred in permitting the State to
introduce evidence related to a 1989 incident in which Appellant allegedly shot and killed another
man who was pointing a gun at him (the "killing incident"). Appellant argues that the amendment
to Texas Code of Criminal Procedure article 37.07, section 3(a), which broadens the type of evidence
admissible in the punishment phase beyond final convictions, only applies to offenses committed
on or after September 1, 1993. See Tex. Code. Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp.
2002). The State argues that Appellant has waived this issue. We agree. 

 At trial, Appellant argued that since the case was "no billed" and Appellant purportedly acted
in self defense, the killing incident did not constitute a "bad act." Although the trial court made
reference to Texas Code of Criminal Procedure article 37.07, Appellant failed to contest the trial
court's application of article 37.07 to the killing incident based on its occurrence prior to the
operation of the amendments to the statute. Appellant's trial objections in no way specifically
alerted the trial judge to the alleged error of which he now complains. "Where [Appellant's] trial
objections do not comport with his arguments on appeal, [A]ppellant has failed to preserve error on
those issues." Goff v. State, 931 S.W.2d 537 (Tex. Crim. App. 1996); see Tex. R. App. P.
33.1(a)(1)(A). We hold that Appellant has waived the error, if any, of which he now complains. 
Appellant's third issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.



 JIM WORTHEN 

 Justice



Opinion delivered August 16, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.






















(DO NOT PUBLISH)
1. At a bench conference held prior to Hartgraves's testimony, Appellant's attorney objected to testimony
related to Appellant's admission of the shooting incident arguing that since the shooting case was "no billed" and
Appellant had allegedly acted in self-defense, the killing did not constitute a "bad act." The trial court overruled
Appellant's objection, but instructed the State to not use the word "murder" when referring to the incident.