In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00241-CR
______________________________


MARIO LUIS MURRIETA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. CR05-238


                                                 



Before Morriss, C.J., Carter, and Cornelius,* J.J.
Memorandum Opinion by Chief Justice Morriss



_____________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

            When Rusk County Deputy Michael Smith attempted to arrest Mario Luis Murrieta at
Murrieta's home, Murrieta resisted, and a struggle ensued during which Murrieta twice forcefully
pushed Smith away. As a result, Murrieta was charged with assault


 of a public servant. From his
conviction and sentence of ninety-nine years' imprisonment,


 Murrieta appeals, contending only that
the evidence is legally and factually insufficient to support the necessary finding that Murrieta caused
Smith physical pain by pushing Smith.
            The particular challenge in this case is that the State failed to elicit any direct testimony that
Smith experienced any pain as a result of being pushed by Murrieta. So, we turn to the record to
determine whether there is legally and factually sufficient


 circumstantial evidence in the record to
support the implicit finding that Murrieta caused Smith physical pain by pushing him, thus
supporting Murrieta's conviction. We conclude there is sufficient evidence, and we affirm the trial
court's judgment.
            A person commits the offense of "assault" if the person "intentionally, knowingly, or
recklessly causes bodily injury to another . . . ." Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp.
2005). If the action causes "physical pain," "bodily injury" has occurred under the statute. Tex. Pen.
Code Ann. § 1.07(a)(8) (Vernon Supp. 2005). This "purposefully broad" definition of "bodily
injury" includes physical pain from "even relatively minor physical contacts so long as they
constitute more than mere offensive touching." Wawrykow v. State, 866 S.W.2d 87, 89 (Tex.
App.—Beaumont 1993, pet. ref'd) (citing Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App.
1989)).
            The indictment in this case alleged that, on June 29, 2005, Murrieta "intentionally,
knowingly, and recklessly cause[d] bodily injury to [Deputy] Smith by pushing and shoving . . .
Smith with his hands . . . ."
            Smith testified during the guilt/innocence phase of trial that he had been asked to serve a
warrant on Murrieta June 29, 2005. Smith entered Murrieta's home and was directed to a back
bedroom by another occupant of the house. Smith eventually found Murrieta standing inside a
closet. Smith "reached in and grabbed [Murietta] by the arm and told him he was under arrest." 
            Murrieta did not surrender peacefully, but instead struggled with Smith. Initially fighting
Smith, Murrieta tried to twist and push away from Smith. Eventually, Murrieta was able to turn
away from Smith and, using the nearby wall for leverage, push Smith away, thereby breaking free. 
Smith and a prosecutor demonstrated this push for the jury. The demonstration was partially
narrated: "(demonstrating); he turned around and just went." Murrieta "[p]ushed [me] right there." 
In describing this push, Smith testified the push was "hard enough to move" him and "knocked me
all the way back." Smith did not affirmatively say he had felt pain from this push.
            According to his continued testimony, after Murrieta's initial escape from Smith's grasp,
Smith eventually caught up with Murrieta while they were still inside the house, grabbed Murrieta,
and attempted to regain control over him. Nevertheless, Murrieta was again able to break free by
pushing Smith away, as with the first push. This second push was hard enough to have moved Smith
physically. But again, Smith did not testify that he felt pain from this second push. Smith did testify
that, after the second push, he resorted to using his pepper spray to attempt to subdue Murrieta. 
Other officers were eventually able to locate and arrest Murrieta after a short search in a nearby field. 
Murrieta testified at the guilt/innocence stage of the trial and denied ever pushing Smith. 
            By its verdict, the jury apparently believed Smith's version of events (that Murrieta had
pushed Smith) and disbelieved Murrieta's version (that he had not pushed Smith). The question on
appeal is whether, without any direct testimony concerning pain, there is legally and factually
sufficient evidence that Smith suffered any "physical pain" from either of Murrieta's pushes.
            A jury may infer that a victim actually felt or suffered physical pain because people of
common intelligence understand pain and some of the natural causes of it. Randolph v. State, 152
S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.). When considering whether evidence is
sufficient to establish that a victim suffered pain, juries may use common sense and apply common
knowledge, observation, and experience gained in the ordinary affairs of life, using inferences that
may reasonably be drawn from evidence. Wawrykow, 866 S.W.2d at 88–89 (rational fact-finder
could have inferred pushes to chest caused "physical pain") (citing United States v. Heath, 970 F.2d
1397, 1402 (5th Cir. 1992)); see also Goodin v. State, 750 S.W.2d 857, 859 (Tex. App.—Corpus
Christi 1988, pet. ref'd) (people of common intelligence understand what naturally causes physical
pain).
            In Wawrykow,


 the State asked the victim and the district attorney to provide the jury with
an in-court demonstration of how the defendant had pushed the victim in the chest. The State did
not, however, elicit any oral testimony that the victim had experienced pain from that push. 
Wawrykow, 866 S.W.2d at 88. The court of appeals nevertheless affirmed the conviction because
the court said the jury was free to infer from the unnarrated, in-court demonstration that the victim
suffered pain from the pushes. Id. at 90. We agree with our sister court that the jury may so
conclude, based on the similar evidence of pushes and similar in-court demonstrations, even without
direct testimony of resulting pain.
            While it is always preferable for the complainant to affirmatively state he or she experienced
pain, illness, or an impairment of physical condition during the alleged assault, such testimony is not
required to sustain a conviction. See, e.g., Lane, 763 S.W.2d at 786–87 (jury may infer bodily injury
from bruise caused by twisting wallet from victim's hand); Wead v. State, 94 S.W.3d 131, 134–35
(Tex. App.—Corpus Christi 2002), rev'd on other grounds, 129 S.W.3d 126 (Tex. Crim. App. 2004)
(jury could infer from photographs showing swollen eye that victim experienced pain); Goodin, 750
S.W.2d at 859 (jury may infer bruising and strained muscles were painful); Arzaga v. State, 86
S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.) (no testimony the assault victim suffered pain
from being struck; jury permitted to draw reasonable inference that victim hurt from being hit in face
by husband).


 We are also mindful that the standards of review for legal and factual sufficiency
require us to examine all the evidence, including circumstantial and demonstrative evidence, to
determine whether there is evidence on which a jury could rationally conclude the State had proven
its case. See Jackson, 443 U.S. at 319; Johnson, 23 S.W.3d at 7; Threadgill, 146 S.W.3d at 664;
Criner v. State, 860 S.W.2d 84, 86–87 (Tex. Crim. App. 1992) (holding circumstantial evidence in
record could lead rational jury to believe defendant assaulted victim).
            Given Smith's testimony concerning the context of the struggle between Smith and Murrieta,
Smith's in-court demonstration of the first push he received from Murrieta, and the testimony that
the push knocked Smith "all the way back," we cannot say there is no evidence to support the jury's
verdict. Nor can we say the evidence supporting the jury's conclusion that Smith suffered some
degree of pain as a result of being pushed is greatly outweighed by any contrary evidence or is so
weak that the conviction is clearly wrong or manifestly unjust. We may not reweigh the evidence
and substitute our interpretation for the jury's interpretation of that evidence. Santellan v. State, 939
S.W.2d 155, 164–65 (Tex. Crim. App. 1997). Accordingly, we overrule Murrieta's challenges to the
legal and factual sufficiency of the evidence to support his conviction.
            We affirm the trial court's judgment.
 

                                                                        Josh R. Morriss, III
                                                                        Chief Justice


Date Submitted:          April 10, 2006
Date Decided:             June 14, 2006

Do Not Publish