

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00470-CR

Sharron Kaye **LANDRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 369917
The Honorable Monica A. Gonzalez, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  June 12, 2013

AFFIRMED

Sharron Kaye Landry was convicted by a jury of assault causing bodily injury.  On appeal, Landry challenges the sufficiency of the evidence to support the jury's finding of bodily injury and asserts the trial court erred in failing to charge the jury on self-defense.  We affirm the trial court's judgment.

**SUFFICIENCY OF THE EVIDENCE**

In appeals in criminal cases, the only standard a reviewing court applies in reviewing sufficiency challenges is the *Jackson v. Virginia*[1] legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under that standard, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). As a reviewing court, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id.*

Landry challenges the sufficiency of the evidence to support the jury's finding that she caused her husband bodily injury because her husband testified that he was never in pain. The evidence at trial is undisputed that Landry hit her husband in the head with the top of a bedpost. The investigating officer testified that he observed a gash on her husband's head and a rag with blood. Landry's husband testified that Landry did not hurt him when she hit him. Instead, she only aggravated him. Landry's husband testified that he did not feel any pain but only felt a knot. When Landry's husband later sought medical attention, a staple was used to close the wound; however, Landry's husband testified that he was never in any pain.

"Bodily injury is broadly defined in the Penal Code as 'physical pain, illness, or any impairment of physical condition.'" *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009) (quoting TEX. PENAL CODE ANN. § 1.07(a) (8) (West Supp. 2012)). The term "physical pain" is a term of common usage and is "not so vague that men of common intelligence must guess at [its] meaning and differ in their application." *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.). "A fact finder may infer that a victim actually felt or suffered

---

[1] 443 U.S. 307 (1979)

physical pain because people of common intelligence understand pain and some of the natural causes of it." *Id.* "The fact of a physical intrusion on the body in the form of a cut or scrape can itself be sufficient evidence of the associated physical pain necessary to show 'bodily injury.'" *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd); *see also Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.) (existence of cut sufficient evidence of physical pain).

In evaluating the credibility of the witnesses, the jury could have disbelieved the testimony by Landry's husband that he was not in any pain. From the pictures and descriptions of the cut on his head, the jury could have inferred that Landry's husband felt physical pain, especially given that a staple was subsequently inserted to close the wound. Landry's first issue is overruled.

### SELF-DEFENSE

In her second issue, Landry contends the trial court erred in denying her request to include an instruction on self-defense in the jury charge.

"A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). "Raised by the evidence" means "there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that th[e] element is true." *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007). In deciding the issue, we view the evidence in the light most favorable to the defendant. *Ferrel*, 55 S.W.3d at 591.

"[A] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use

or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011). A "reasonable belief" means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(42) (West Supp. 2012).

In this case, Landry testified that she and her husband were arguing when he pushed her in the hallway which caused her pain. Landry followed her husband into a bedroom and began flicking his ears to demonstrate how it feels when someone is irritating you. Landry then removed the top of a bedpost and began bouncing it off her husband's head, asking him if it was irritating or bothering him. When the first bedpost broke, Landry grabbed the top of another bedpost and continued to hit her husband on his head until her husband started bleeding. Landry testified that she did not feel threatened by her husband when she was bouncing the bedpost off his head. Landry further stated that she was not afraid of her husband, but was irritated by him.

Landry's husband admitted that he pushed Landry in the hallway and that Landry followed him into the bedroom and began tapping the bedpost on his head. Landry's husband stated that Landry was tapping him with the bedpost to aggravate him but not to defend herself.

Based on the foregoing, we believe the trial court properly denied the request for the charge on self-defense because the record contains no evidence that Landry reasonably believed force was immediately necessary to protect herself against the use or attempted use of unlawful force by her husband. Landry did not use the force against her husband in an effort to protect herself against any use or attempted use of force by her husband. Instead, Landry used the force in order to irritate or aggravate him. Accordingly, because the record does not contain any evidence of this element of self-defense, the trial court did not err in denying the charge.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH