**Ex parte Devere John STANFORD.**

**No. 58696.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 20, 1978.

Before DOUGLAS, ROBERTS and DALLY, JJ.

### OPINION

DALLY, Judge.

This is a post conviction writ of habeas corpus proceeding; Art. 11.07, V.A.C.C.P.

The appellant was convicted for the offense of robbery May 15, 1950. The sentence of five years' imprisonment has been served, but this conviction has been used for enhancement of punishment in another state, and there are other collateral consequences resulting from the conviction. The petitioner seeks to have the judgment declared void because when convicted he was indigent, he was unrepresented by counsel, and he did not waive counsel. The petitioner's allegations have not, and evidently could not be controverted. The present trial judge in the convicting court to whom the petition was presented has made findings of fact which would entitle the petitioner to the relief he seeks.

The trial court finds the record does not indicate that petitioner was represented by counsel at the trial at which he was convicted since there are no notations or entries among papers of the case or on the docket sheet indicating that the appellant waived counsel or was represented by counsel. We note that the printed form of judgment states the petitioner was represented by counsel but in the space provided no name of counsel appears. The District Judge who was sitting and the District Attorney who was in office when the appellant entered his plea of guilty and was convicted in 1950 are both dead.

In view of the record before us we concur with the trial judge's findings that the peti-

1. A copy of this opinion will be sent to the Texas Department of Corrections.

tioner was denied his constitutional right to representation by counsel and is entitled to the relief which he seeks. It is so ordered.