Brady Lee BOLTON, Appellant,

v.

The STATE of Texas, Appellee.

Ex parte Brady Lee BOLTON.

Nos. 63616, 66414.

Court of Criminal Appeals of Texas,
En Banc.

July 22, 1981.

Kenneth H. Crow, Guy D. Cox, Waco, for appellant.

Felipe Reyna, Dist. Atty., John W. Segrest, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated assault where the punishment, enhanced by a prior felony conviction alleged and proven, was assessed by the jury at twenty (20) years' imprisonment and a $2,000.00 fine. This opinion also involves a post-conviction application for writ of habeas corpus under Article 11.07, V.A.C.C.P., which was filed during the pendency of the appeal of the aggravated assault conviction.

The appellant, inter alia, challenges the sufficiency of the evidence to sustain his aggravated assault conviction, and contends the court erred in admitting into evidence at the penalty stage of the trial three prior burglary convictions, one of which was alleged for enhancement of punishment, because he was indigent at the time and was not represented by counsel.

Omitting the formal parts, the indictment charged that the appellant

"... did then and there intentionally and knowingly use a deadly weapon, to wit: a knife, and did then and there cause bodily injury to PETE CONNELL by stabbing him in the left arm."

The State's evidence showed that on February 5, 1979, the appellant became belligerent in a bar and was asked to leave by the complaining witness, Pete Connell, and the waitress. In the parking lot outside the bar, the appellant came at the complaining witness with a knife. Connell dodged the appellant's swipes twice, but the third time appellant came after him, Connell put his arms up to block the blow, and was cut in the arm.

▮ The appellant contends that the evidence is insufficient to show "bodily injury." V.T.C.A., Penal Code, § 22.01(a)(1), provided prior to its amendment in 1979,

"(a) A person commits an offense if he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another."

The offense becomes aggravated if a deadly weapon is used. See V.T.C.A., Penal Code, § 22.02(a)(3), prior to its amendment in 1979.

"Bodily injury" is defined in V.T.C.A., Penal Code, § 1.07(a)(7), as:

" 'Bodily injury' means physical pain, illness, or any impairment of physical condition."

The complaining witness testified that he received a cut "about an inch or inch and a half wide and about two to two and a half inches deep." We find that the evidence is sufficient to show bodily injury.

At the penalty stage of the trial the State offered into evidence pen packets concerning three prior burglary convictions on August 24, 1964 in Cause Nos. 11645, 11646 and 11647 in the District Court of Robertson County. Cause No. 11645 was the prior conviction alleged for enhancement of punishment. When offered, the appellant objected to the pen packets contending that at the time of the convictions he was indigent and was not represented by counsel. Nothing was offered in support of the objection, and it was overruled.

During the pendency of the appeal from the aggravated assault conviction, the appellant filed a post-conviction application for writ of habeas corpus in the District Court of Robertson County contending that at the time of his conviction in Cause Nos. 11645, 11646 and 11647 that he was indigent and was not represented by counsel. He offered three affidavits in support in his contention. In addition, he offered the affidavit of the attorney who prosecuted him in the three causes. This affidavit stated:

"At this time I have no independent recollection of whether Brady Lee Bolton was represented by an attorney during that trial. I have checked the court records in the above mentioned cause numbers and there is no indication that Mr. Bolton was appointed an attorney to represented him in those cases. The absence of any documentation that would indicate Mr. Bolton had an attorney would lead me to believe that Mr. Bolton was not represented by counsel, appointed or otherwise."

The trial court, in its findings of fact and conclusions of law, stated:

**168**

"The Honorable Judge of the 85th Judicial District Court of Robertson County, Texas, during the time these causes was heard did not as a matter of practice appoint counsel for indigent defendants. It was his common practice to allow the District Attorney had the Defendant to enter pleas of guilty before the Court without affording the Defendant the opportunity to consult with counsel.

"III.

"As a practicing attorney during this period of time, it is my belief that the Applicant's contentions in his Writ of Habeas Corpus are true and correct because this was the common practice at this time in that particular district."

The trial court concluded that the petitioner was entitled to relief and the record was forwarded to this court where the cause was filed and submitted and given Cause No. 66,414.

■ While we are not bound by the findings of the trial judge, we have concluded that the evidence supports the trial judge's findings. The burglary convictions in said Cause Nos. 11645, 11646 and 11647 are hereby set aside. The relief prayed for is granted. See *Ex parte Stanford*, 571 S.W.2d 28 (Tex.Cr.App.1978); *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1977); *Ex parte Woodard*, 541 S.W.2d 187 (Tex.Cr.App. 1976).

■ Having set aside the prior conviction (Cause No. 11645) alleged and used for enhancement of punishment as well as two other prior convictions (Cause Nos. 11646 and 11647) introduced at the penalty stage of appellant's aggravated assault case as part of his prior criminal record (Article 37.07, V.A.C.C.P.), we turn to the question of the proper disposition of the direct appeal.

In *Smith v. State*, 486 S.W.2d 374 (Tex. Cr.App.1972), involving a shoplifting case, we were faced with a somewhat similar situation. Two prior felony convictions were alleged for enhancement of punishment. At the penalty stage of the trial, the defendant pled "guilty" to these allegations. No objection was thus offered. A life sentence was imposed and an appeal taken. While the appeal was pending in this court, a post-conviction habeas corpus application was filed in the trial court alleging that one of the prior felony convictions use for enhancement was void because he did not have counsel when his probation in that case was revoked. The trial judge found Smith was entitled to relief from such conviction, and forwarded the habeas record to this court. In *Smith* this court stated:

"Ordinarily, we do not consider habeas corpus matters attacking a prior conviction while the case involving such cause is on appeal. . . . Under the circumstances of this case, we have concluded that it would be a useless thing to require a separate proceeding after the appeal has become final. Therefore, we will consider the matter in disposing of the appeal."

Thereafter, the court found the burglary conviction in Midland County alleged for enhancement to be void. The life sentence for shoplifting originally imposed under Article 63, V.A.P.C., 1925, was reformed under Article 62, V.A.P.C., 1925, to 10 years' imprisonment since the other prior conviction for burglary from Bell County and the primary offense of shoplifting were like offenses.

In the instant case, the provisions of the 1974 Penal Code are applicable, and we cannot reform as we did in *Smith*. Since the trial in the aggravated assault case was before the jury at the penalty stage of the trial, the appellant is entitled to an entirely new trial. See *Ex parte Millard*, 587 S.W.2d 703 (Tex.Cr.App.1979); *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr.App.1980).

The relief prayed for in our Cause No. 66,414 is granted, and the convictions in Cause Nos. 11645, 11646 and 11647 are set aside. The judgment in Cause No. 63,616 is reversed and remanded, and the petitioner is ordered released to the Sheriff of McLennan County to answer the aggravated assault indictment in Cause No. 79–97–C with the enhancement paragraph dismissed.

No motion for rehearing will be entertained.