COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-300-CR

 

 

JAMES LARRY SMITH                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant James Larry Smith
appeals his conviction for assault causing bodily injury to a family
member.  The jury found Appellant guilty,
and the trial court sentenced Appellant to 365 days= confinement.  The trial court
suspended his sentence and placed him on community supervision for a period of
twenty-four months.  In four points,
Appellant asserts that the trial court erred by allowing a police officer to
testify regarding the complainant=s answers to questions implicating Appellant, by allowing the officer
to testify about statements made by the complainant regarding past alleged
assaults by Appellant, and by denying Appellant=s motion for directed verdict, and that the evidence was not
sufficient to prove beyond a reasonable doubt that Appellant was guilty.

FACTUAL BACKGROUND

At approximately 4:45 a.m. on
December 22, 2004, Officer Ronnie Morris responded to a call from the
dispatcher regarding a family disturbance in Grand Prairie, Texas.  He arrived at the location and found a
female, Nora Smith, sitting in a car and crying uncontrollably.  Officer Morris noticed injuries to her neck
and forehead.  Smith informed Officer
Morris that her husband, Appellant, had come home drunk and upset, and he went
into the bedroom and threw things around the room in a rampage.  She told Officer Morris that he grabbed her
by the head and slammed her head into the wall.








Officer Morris went to the
apartment to locate Appellant.  Appellant
was inside the bedroom with the door locked. 
Officer Morris knocked on the door several times in an attempt to get
Appellant out of the bedroom.  Smith
informed Officer Morris that Appellant kept several guns in the apartment, so
Officer Morris called for backup.  Smith
gave Officer Morris and the backup officer, Officer Donahue, permission to kick
the door open because Appellant would not open the bedroom door.  After a third officer arrived, the officers
kicked in the door and saw Appellant lying under the blankets.  Appellant would not respond to the officers= questions, so Officer Morris arrested Appellant for assault family
violence causing bodily injury.  The
arrest came in spite of Smith=s request that Officer Morris not arrest Appellant.

SUFFICIENCY OF THE EVIDENCE

In his third point, Appellant
contends that the trial court erred in denying his motion for a directed
verdict.  In his fourth point, Appellant
contends that the evidence was factually insufficient to support his
conviction.

1. Standards of Review








A challenge to the denial of
a motion for instructed verdict is actually a challenge to the legal
sufficiency of the evidence.  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997); Franks v. State, 90 S.W.3d 771, 789 (Tex. App.CFort Worth 2002, no pet.).  In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005).

In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 









In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.  Applicable Law








The information charged
Appellant with Aintentionally
or knowingly caus[ing] bodily injury to Nora Smith, a member of [Appellant=s] family or household, by grabbing her head with his hands and
slamming her head against a wall.@  A person commits an assault if
the person intentionally, knowingly, or recklessly causes bodily injury to
another, including the person=s spouse.  Tex. Penal Code Ann. ' 22.01 (Vernon Supp. 2005). 
Bodily injury is defined as physical pain, illness, or impairment of
physical condition.  Tex. Penal Code Ann. ' 1.07 (Vernon Supp. 2005). This definition is purposefully broad and
seems to encompass even relatively minor physical contact so long as it
constitutes more than mere offensive touching. 
Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

3. Discussion








Appellant contends that the
evidence is insufficient to show that Smith suffered bodily injury because
there is no evidence that she was in pain or that she suffered from a physical
impairment.  Appellant asserts that the
fact that Smith was crying when Officer Morris arrived is not evidence that she
was in pain.  Although Smith was crying
uncontrollably when Officer Morris arrived, he acknowledged that Smith had
never told him why she was crying.  It is
not necessary that the alleged victim testify that she experienced pain; the trier
of fact may draw reasonable inferences from the evidence, including an
inference that the victim suffered pain as a result of her injuries.  See Bolton v. State, 619 S.W.2d
166, 167 (Tex. Crim. App. 1981) (evidence of cut sufficient to show bodily injury);
Arzaga v. State, 86 S.W.3d 767, 778-79 (Tex. App.CEl Paso 2002, no pet.) (swelling and bruising of lips sufficient to
show bodily injury); Goodin v. State, 750 S.W.2d 857, 859 (Tex. App.CCorpus Christi 1988, pet. ref=d) (bruises and muscle strain sufficient to show bodily injury).
Officer Morris testified that he observed raised red marks on Smith=s neck and forehead. According to Officer Morris, the injuries
sustained by Smith appeared to be recent and consistent with assault.  Officer Morris stated that he assumed that
the injury to her forehead was caused by Appellant slamming Smith=s head into a wall because she told him that had happened.  Officer Morris testified that Smith=s physical appearance was impaired by the marks that were on her
forehead and neck, and he opined that it would obviously be painful to have
these injuries.

Appellant asserts that
Officer Morris could not have known whether Smith suffered from a physical
impairment because Officer Morris testified that he had never seen Smith
before, and thus, he could not have known whether her physical appearance was
impaired.  Appellant=s assertion discredits the fact that Officer Morris testified that
Smith told him that Appellant had slammed her head against the wall.  Additionally, according to Officer Morris,
the injury to her forehead appeared to have recently occurred.  A jury could rationally infer that Appellant
caused the raised red marks to appear on her forehead at the time he slammed
her head against the wall, and thus, infer that the marks would not have been
there prior to that point.








We hold that the evidence,
when viewed in the light most favorable to the verdict, supports a
determination beyond a reasonable doubt that Appellant caused bodily injury;
therefore, we overrule Appellant=s third point.  Additionally,
when viewed neutrally, the evidence is not so obviously weak or so greatly
outweighed by contrary proof that it would not support the finding of guilty
beyond a reasonable doubt.  Accordingly,
we overrule Appellant=s fourth
point.

HEARSAY

In his first point, Appellant
asserts that the trial court erred by allowing Officer Morris to testify
regarding hearsay statements made to him by Smith upon his arrival at the
scene.  The State asserts that the
statements made by Smith to Officer Morris were admissible as excited
utterances and that they were not testimonial within the meaning of Crawford
v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004).  








We review a trial court=s determination of whether evidence is admissible under the excited
utterance exception for an abuse of discretion. 
Wall v. State, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006).  A trial court does not abuse its discretion,
and we will not reverse a trial court=s ruling, unless the ruling falls outside the zone of reasonable
disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).  Appellate review of whether
an out-of-court statement passes muster as an Aexcited utterance@ and whether it is Atestimonial hearsay@ in nature is a two-fold process. 
An inquiring court must first determine whether the statement qualifies
as an excited utterance, and if not, the inquiry ends.  Wall, 184 S.W.3d at 741.  If the statement does qualify as an excited
utterance, the court then must look to the attendant circumstances and assess
the likelihood that a reasonable person would have either retained or regained
the capacity to make a testimonial statement at the time of utterance.  Id. 
We perform a de novo review of whether the statement is testimonial in
nature.  Id. The issue of whether
the statement is an excited utterance depends largely upon the subjective state
of mind of the declarant at the time of the statement, whereas the legal issue
of whether an out-of-court statement is Atestimonial@ under Crawford
depends upon the perceptions of an objectively reasonable declarant.  Id. at 742-43.  

Appellant complains of the
following testimony of Officer Morris:

Ms. Smith
told me that her husband had come home drunk and was upset about
something.  She didn=t know exactly what it was he was upset about.  He went into the bedroom and throwing things
around the room in a rampage.  And at
some point in time while that=s happening, he turned his anger towards her.  And she stated that he grabbed her by the
head and slammed her head into the wall. 
And then after he did that, he threw her out of the bedroom and locked
the door behind her. 

1. Excited Utterance








Hearsay is a statement, other
than one made by the declarant while testifying at a trial or hearing, offered
in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). In order for hearsay to be admissible,
it must fit into an exception provided by a statute or the Rules of Evidence.  Tex.
R. Evid. 802. One such exception is Rule 803(2), the excited utterance
exception.  An excited utterance is a
statement relating to a startling event or condition made while the declarant
was under the stress of excitement caused by the event or condition.  Tex.
R. Evid. 803(2).  

In determining whether a
hearsay statement is admissible as an excited utterance, the court may consider
the time elapsed and whether the statement was in response to a question.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003).   However, it is
not dispositive that the statement is an answer to a question or that it was
separated by a period of time from the startling event; these are simply
factors to consider in determining whether the statement is admissible under
the excited utterance hearsay exception. 
Id. at 596.  The critical
determination is Awhether the
declarant was still dominated by the emotions, excitement, fear, or pain of the
event@ or condition at the time of the statement.  Id. 


Here, Officer Morris
testified that he responded to a call at 4:45 a.m., and  once he was dispatched, it took approximately
two minutes to arrive at the scene.  When
he first saw Smith, he noticed that she was crying uncontrollably, and he
calmed her down to the point where he could Aat least somewhat understand@ what she was trying to tell him.








Appellant complains that
there was no testimony regarding the amount of time that had lapsed between the
time of the alleged assault and the time Officer Morris arrived at the
scene.  The passage of time is a
consideration for the court, but the fact that a period of time has passed
since the occurrence of the event is not dispositive; rather, the determination
is based on whether the declarant was still dominated by the emotions,
excitement, fear, or pain of the event at the time the declarant makes the
statement.  Id. at 595.  A reasonable person could conclude that Smith
made the statement while under the excitement, fear, or pain of the event at
the time she made the statement. 
Accordingly, we hold that the trial court did not abuse its discretion
by allowing the evidence because it was admissible under the excited utterance
exception. 

2.  Testimonial in Nature

In Crawford, the
Supreme Court held that the admission of a hearsay statement made by a non‑testifying
declarant violates the Sixth Amendment if the statement was testimonial and the
defendant lacked a prior opportunity for cross‑examination.  Crawford, 541 U.S. at 68, 124 S. Ct.
at 1374.  Thus, a Atestimonial@ statement
is inadmissible absent a showing that the declarant is presently unavailable
and the defendant had a prior opportunity for cross‑examination, even if
the statement Afalls under
a >firmly rooted hearsay exception= or bears >particularized
guarantees of trustworthiness.=@  Id. at 58-60, 68, 124
S. Ct. at 1368-69, 1374 (quoting Ohio v. Roberts, 448 U.S. 56, 66, 100
S. Ct. 2531, 2539 (1980)). 








Generally, statements that
are made to police while the declarant is still in personal danger are not made
with consideration of their legal ramifications because the declarant usually
speaks out of urgency and a desire to obtain a prompt response; thus, those
statements will generally not be deemed testimonial.  Wall, 184 S.W.3d at 742.  After the immediate danger has dissipated,
however, a person who speaks while still under the stress of a startling event
is more likely to comprehend the larger significance of his other words.  Id. 
Thus, if the record fairly supports a finding of comprehension, the fact
that the statement also qualifies as an excited utterance will not alter its
testimonial nature.  Id.  








No evidence exists in the
record to suggest that Smith had retained the capacity to make a testimonial
statement at the time she made the initial statement to Officer Morris of which
Appellant complains; nor does any evidence exist to suggest that a reasonable
person in Smith=s shoes
would have regained the capacity to make a testimonial statement.  See id. at 741.  Smith made the statement to Officer Morris
when he first approached her.  He had
just arrived on the scene, and she was crying uncontrollably.  It is apparent from the record that she was
concerned with her own safety and was speaking out of a desire to obtain a
prompt response.  Additionally, Smith was
aware that Appellant kept rifles in the apartment.  There is no evidence to suggest that a
reasonable person who had just had her head slammed into the wall would have
regained the capacity to make a testimonial statement because the declarant
would likely be speaking out of urgency and a desire to receive a prompt
response.  Accordingly, we hold that the
statements were not testimonial in nature, and thus, the trial court did not
err in admitting the statements.  We
overrule Appellant=s first
point.

TESTIMONY REGARDING PAST
INCIDENTS

In his second point,
Appellant contends that the trial court erred in allowing Officer Morris to
testify to hearsay statements made by Smith regarding previous assaults that
Appellant allegedly committed without allowing Appellant to testify that he has
never been accused of this behavior.  The
State asserts that Appellant has waived this point. 








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  

A trial court=s erroneous
admission of evidence will not require reversal when other such evidence was
received without objection, either before or after the complained-of
ruling.  Leday v. State, 983
S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v. State, 803
S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991),
overruled on other grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim.
App. 1991).  This rule applies whether
the other evidence was introduced by the defendant or the State.  Leday, 983 S.W.2d at 718.  Even the constitutional right to confront witnesses
may be waived if not properly asserted.  Paredes
v. State, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

Appellant complains that the
trial court allowed Officer Morris to testify to Smith=s statement that Appellant had previously assaulted her on multiple
occasions and had broken her finger during one such assault.  He also complains about Officer Morris= testimony that Smith informed him that she had never called the
police about those prior assaults and that she was afraid of what Appellant
might do if he were to be released from jail. 
Appellant objected to both of those statements on the basis of hearsay
and the right of confrontation.








However, prior to the
admission of this testimony, Officer Morris testified without objection that
Smith informed him that she had never called the police on Appellant before and
she thought that by calling the police on him this time, he would end up
injuring her more severely than he had in the past.  During Appellant=s cross-examination of Officer Morris, Officer Morris testified that
Smith had asked him not to take Appellant to jail because she was worried that
he would get out before she could get her things and leave and assault her more
severely than he had assaulted her in the past. 
He also testified that he that was unaware of any instances in which
Smith had called the police reporting 
domestic violence.

Appellant made no objection
to either of these instances where Officer Morris testified regarding his past
acts.  Because the evidence of which
Appellant complains was received without objection before the complained-of
ruling, Appellant has forfeited this complaint on appeal.  See Tex. R.
App. P.
33.1(a)(1); Leday, 983 S.W.2d at 718.  Accordingly, we overrule his second point. 

 

 

 

 








CONCLUSION

Having overruled Appellant=s four points, we affirm the trial

court=s judgment. 

 

 

 

 

PER CURIAM

 

PANEL
F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
JUNE 15, 2006











[1]See Tex. R. App. P. 47.4.