# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00085-CR

**Marvin Dewayne Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 728205, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Marvin Dewayne Davis was found guilty of the offense of assault-family violence. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2006). Punishment was assessed at one year of imprisonment and a fine of $2,000. Imposition of the sentence was deferred and Davis was placed on community supervision. In two issues on appeal, Davis challenges the legal and factual sufficiency of the evidence. We affirm.

## BACKGROUND

The trial court heard evidence that, on the night of March 1, 2006, T.N., a sixteen-year-old girl, observed her neighbor, Betty Buie, fighting with Buie's boyfriend, Davis. T.N. testified that she heard Buie screaming outside. According to T.N., Buie was telling Davis "[t]hat she wanted to leave and he was telling her no you're not leaving." T.N. testified that after Buie insisted that she was leaving, she saw Davis push Buie and "hit her in the face to the right like kind

of towards the cheek." When asked if the hit to the face looked like it hurt, T.N. testified, "Yeah." T.N. also testified that Davis hit Buie with enough force that Buie was knocked to the ground but that she caught herself with her right hand. T.N. explained that as soon as she saw Buie fall to the ground she decided to call the police. The 911 tape of this call was admitted into evidence, and the record reflects that the trial court listened to it.

On cross-examination, T.N. was asked if she could see the incident clearly despite the fact that it occurred at night. T.N. testified that the street was lit from lights from the residences and that she could see "perfect" and "fine."

Deputy Ralph Cisneros responded to the 911 call and interviewed and took pictures of Buie. Copies of the pictures were admitted into evidence. Cisneros testified that Buie was not cooperative during the interview. When asked if he saw any injuries on Buie, Cisneros testified that he observed a small bruise on her right wrist.

Buie testified that Davis was the father of her children. Buie explained that she had an argument with Davis "that got out of control" and "that turned into a kind of wrestling match." However, Buie testified that she and Davis were "both at fault" and that it was "an equal argument." When asked if at some point during the argument she fell and lost her balance, Buie responded that she thought that she and Davis both fell when they were "wrestling" over the keys. When asked if she was struck in the head, Buie testified, "No, I wasn't struck at all." Buie also denied that there was any outside lighting, although she admitted that one of her neighbors had a "guard light."

2

Buie also explained that she and Davis were having trouble with Child Protective Services ("CPS") and that her children were currently with CPS. When asked if she was worried that she might not get her children back if Davis was convicted of assault, Buie testified:

> No, I mean not necessarily no, but I mean I have no doubts that this will be dismissed because this whole case is ridiculous. I mean I applaud your efforts and I've known some people out there that you know, they go through this and I understand where you're coming from, but this is not the case here.

Davis presented no evidence in his defense. After both sides closed, the trial court found Davis guilty of assault-family violence and placed him on probation. This appeal followed.

## DISCUSSION

Davis's only argument on appeal is that the evidence is legally and factually insufficient to support his conviction.

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, we consider whether a rational trier of fact[1] could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). It is not necessary that every fact point directly and independently to the

---

[1] In a bench trial, the court acts as the fact-finder. *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We consider even erroneously admitted evidence. *Id.*

In a factual sufficiency review, we view the evidence in a neutral light and ask whether the fact-finder was rationally justified in finding guilt beyond a reasonable doubt. *See Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Id.* at 415. We will not reverse a case on a factual sufficiency challenge unless we can say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the fact-finder's verdict. *Id.* at 417.

Under both the legal and factual sufficiency standards of review, the trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony. *Jaggers v. State*, 125 S.W.3d 661, 670 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (citing *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981)). Under both legal and factual sufficiency reviews, an appellate court must be appropriately deferential to the fact-finder's role at trial. *Harvey v. State*, 135 S.W.3d 712, 717 (Tex. App.—Dallas 2003, no pet.) (citing *Jones v. State*, 944 S.W.2d 642, 647-48 (Tex. Crim. App. 1996)). The fact-finder may believe all, some, or none of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Jaggers*, 125 S.W.3d at 670. This standard of review applies to both direct and circumstantial evidence cases. *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

4

Davis contends that the State failed to prove that he caused "bodily injury" to Buie. "Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex. Penal Code Ann. § 1.07(a)(8) (West Supp. 2006). This definition is purposefully broad and encompasses even relatively minor physical contact so long as it constitutes more than mere offensive touching. *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989); *In re M.C.L.*, 110 S.W.3d 591, 600 (Tex. App.—Austin 2003, no pet.). It is not necessary that the alleged victim testify that she experienced pain; the trier of fact may draw reasonable inferences from the evidence, including an inference that the victim suffered pain as a result of her injuries. *Bolton v. State*, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981) (evidence of cut was sufficient to show bodily injury); *Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.) (evidence of swelling and bruising of lips was sufficient to show bodily injury); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd) (evidence of bruises and muscle strain was sufficient to show bodily injury).

T.N. testified that she observed Davis strike Buie across the face with enough force to "knock her to the ground." A rational fact-finder could reasonably infer that such force would cause physical pain. Furthermore, Deputy Cisneros testified that he observed a small bruise on Buie's right wrist. Although Cisneros could not be certain that this injury was caused during Buie's altercation with Davis, such an injury is consistent with T.N.'s testimony that she saw Buie use her right hand to prevent herself from completely falling to the ground when Davis struck her. A picture of this bruise was admitted into evidence. Viewing the above evidence in the light most favorable

to the verdict, we conclude that there is legally sufficient evidence to support a finding of bodily injury. We overrule Davis's first issue.

We also conclude that the evidence is factually sufficient to support a finding of bodily injury. The only evidence contrary to the finding is Buie's testimony that Davis did not strike her. However, the trial court was in the best position to judge the credibility of this statement in light of the circumstances under which it was made. Buie testified that she and Davis were having trouble with CPS, and a rational fact-finder could have concluded that Buie was not being truthful about Davis's conduct because Buie may have believed that if Davis was convicted of assault, there was a chance that her children would not be returned to her. Although Buie denied that this was a motivating factor in her testimony, the trier of fact could have rationally chosen not to believe her. The trier of fact could have also chosen not to believe Buie's testimony based on Deputy Cisnero's testimony that Buie was not cooperative during his interview of her.

We also note that T.N. testified that, although it was dark outside during the incident, because of the light coming from the residences, she could see the incident "perfect[ly]." The trier of fact could have chosen to credit this testimony and discredit Buie's testimony that there was no outdoor lighting. The trial court also listened to T.N.'s 911 call and could have made a determination that T.N.'s trial testimony was consistent with the statements T.N. made during the call.

Essentially, this was a case of conflicting testimony—an eyewitness testified that she observed an assault and another witness, the alleged victim, denied that there was an assault. It is the role of the fact-finder to reconcile conflicts in the evidence and, considering the above evidence

6

in a neutral light, we do not believe that it was against the great weight and preponderance of the evidence for the fact-finder to accept the testimony of T.N. and reject the testimony of Buie. We overrule Davis's second issue.

## CONCLUSION

Having overruled Davis's issues on appeal, we affirm the judgment of the county court at law.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   June 28, 2007

Do Not Publish

7