Opinion filed August 28, 2015



In The

# Eleventh Court of Appeals

—————

No. 11-13-00288-CR

—————

## CLINTON A. GRUBB, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Callahan County, Texas**

**Trial Court Cause No. 6926**

### M E M O R A N D U M   O P I N I O N

The jury convicted Clinton A. Grubb of burglary of a habitation. The trial court assessed Appellant's punishment at confinement for thirty years. Appellant raises two issues for review. We affirm.

In Appellant's first issue, he claims that the evidence was legally insufficient to support a jury verdict of burglary of a habitation by entering and committing aggravated assault because the victim, Jackie Pancake, did not testify that he suffered

physical pain. In his second issue, Appellant argues that the trial court erred when it admitted hearsay testimony from Darrell Lynn Sasser.

Pancake testified that, around 3:00 a.m. on the date of the offense, someone entered his home without his permission, shined a flashlight in his eyes, and told him he was going to rob and kill him. The man proceeded to beat Pancake with a "club." The club, which was attached to the attacker's arm with a rubber tie, was made from a table leg and had a metal bolt sticking out of it. His attacker first hit Pancake just below the eye and then hit Pancake several times on his arm. Pancake was able to hit his attacker a couple of times, and the struggle continued out of Pancake's bedroom and down the stairs. Pancake's attacker attempted to get out of the house through the laundry room door, but because it was locked, he had to crawl between Pancake's legs to run out the front door. The trial court admitted two photographs that depicted Pancake's injuries from the assault. Pancake testified that the beating "probably" hurt but that he was so focused on survival at the time that he was not sure. Pancake testified that he did not know who the intruder was at the time of the assault because the attacker was wearing a heavy coat and either a ski mask or a cap with eye holes cut in it. The police found the table leg and a bag with a baseball cap, towel, and windbreaker on Pancake's property. The police tested DNA samples from these items and found Appellant's DNA on the table leg, the jacket, and the baseball cap.

Sasser testified that he lived with Appellant at the time of the offense but that he was out of town when he learned about what had happened to Pancake. He testified that, prior to the offense, Appellant told Sasser that he might rob Pancake. Sasser stated that his "wife called [him] and told [him] that Jackie [Pancake] had been in trouble." The record states that Sasser "told him" that it could have been Appellant, but in the context of Sasser's testimony, Appellant assumes Sasser was talking to his wife. Appellant objected that the statements Sasser's wife made to

2

him and his reply outside of court were hearsay. Without response from the State, the trial court overruled Appellant's objection.

In Appellant's first issue, he claims that the evidence was not legally sufficient to find him guilty of burglary of a habitation by entering and committing aggravated assault. We will review Appellant's sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia.* Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing guilt. *Hooper v. State*, 214 S.W.3d 9, 14–16 (Tex. Crim. App. 2007). Circumstantial evidence alone can be sufficient to establish guilt. *Id.* at 15. In our review, we will give deference to the duty of the factfinder to resolve credibility issues and to weigh the evidence, including any reasonable inferences from that evidence. *Id.* at 13.

Appellant argues that, because Pancake testified that the injuries he sustained during the robbery only "probably" hurt, there is legally insufficient evidence of bodily injury. The Texas Penal Code defines bodily injury as "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2014); *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Pancake testified that he had suffered cuts and bruises from the assault and that he had to "doctor" some of the injuries. The trial court admitted two photographs of the injuries that Pancake received.

Testimony that relates to the extent of injuries (such as cuts) has been found to be sufficient to show bodily injury without direct testimony of physical pain. *See Bolton v. State*, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981). We have held that

pictures of injuries sustained in an assault, without testimony of physical pain, was sufficient to show bodily injury. *Sanchez v. State*, 460 S.W.3d 675, 681 (Tex. App.––Eastland 2015), *pet. granted on other grounds*, (Tex. Crim. App. July 1, 2015) (No. PD-0372-15). Finally, we have held that testimony that the defendant hit the victim in the chest was sufficient to show bodily injury. *Cooper v. State*, No. 11-98-00289-CR, 1999 WL 33754515, at *2 (Tex. App.—Eastland Sept. 23, 1999, no pet.) (not designated for publication). The jury could have inferred Pancake suffered physical pain from Pancake's testimony and the photographs of Pancake's injuries. *See Hooper*, 214 S.W.3d at 14–16. Consequently, we hold that Pancake's testimony, the photographs of his injuries, and the nature of the weapon are sufficient to show bodily injury. We overrule Appellant's first issue.

In Appellant's second issue, he argues that the trial court erred when it admitted, over Appellant's hearsay objection, Sasser's testimony referred to above. Appellant claims that Sasser's statements were offered for the truth of the matter asserted in violation of Texas Rule of Evidence 801. Under Rule 801, hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.*

The State argues that the first statement was not offered for the truth of the matter asserted but, rather, to explain how Sasser became linked to the case. Statements made outside of court are admissible, without violating the hearsay rule, if they are not offered for the truth of the matter asserted. *See, e.g.*, *Gholson v. State*, 542 S.W.2d 395, 398 (Tex. Crim. App. 1976). From the record, it is clear that Sasser's statement that Pancake "had been in trouble" was not offered for the truth

4

of the matter asserted because the statement was not offered to prove that Pancake had been in trouble. The State used the conversation to explain how and when Sasser became connected to Appellant's case, what he did with the information from his wife, and how Appellant became a suspect. *See Meier v. State*, No. 07-08-0209-CR, 2009 WL 3335282, at *6 (Tex. App.—Amarillo Oct. 16, 2009, pet. ref'd) (mem. op., not designated for publication). Sasser's statement to his wife to tell the police that "it might have been [Appellant]" that caused Pancake trouble is similar to the statements admissible through police officers' testimony about how a defendant became a suspect. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). In *Dinkins*, the court held that statements "to explain how the defendant came to be a suspect" are not hearsay because they are not offered for the truth of the matter asserted. *Id.* (citing *Jones v. State*, 843 S.W.2d 487, 499 (Tex. Crim. App. 1992), *abrogated on other grounds by Maxwell v. State*, 48 S.W.3d 196 (Tex. Crim. App. 2001)). Although Sasser was not a police officer, the statements to which he testified resulted in Appellant becoming a suspect. Thus, the reasoning in *Dinkins* similarly applies to this case. *See id.* In fact, this reasoning is specifically why Appellant argues that the introduction of such evidence was harmful to his case. Because we do not find that the admission of Sasser's testimony is outside the zone of reasonable disagreement, we cannot say the trial court abused its discretion.

Additionally, even if the trial court erred when it admitted the statements between Sasser and his wife, any error was harmless. TEX. R. APP. P. 44.2(b) applies to nonconstitutional errors. Pursuant to Rule 44.2(b), an error is not reversible error unless it affects a substantial right of the defendant. A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). An accused's substantial rights are not affected by the erroneous admission of evidence if the court, after examining

5

the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). When conducting a Rule 44.2(b) harm analysis based upon the erroneous admission of evidence, an appellate court should consider everything in the record, including:

> [A]ny testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Rich v. State*, 160 S.W.3d 575, 577–78 (Tex. Crim. App. 2005).

When reviewing the record as a whole, Sasser's statement that his wife told him that Pancake had been in trouble did not harm Appellant. The improper admission of evidence is harmless when the same facts are proven by other properly admitted evidence. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). If the statement was offered for the truth of the matter asserted, the jury had already heard that an intruder attacked Pancake through the testimony of Pancake and Cross Plains Chief of Police Don Gosnell, who responded to the scene the night of the offense.

Further, Sasser's statement that Appellant may be the one that caused Pancake's "trouble" did not harm Appellant. Several items found on Pancake's property after the burglary and assault contained Appellant's DNA. Pancake testified that the items that contained Appellant's DNA, found on the property after the offense, were not on the property before the offense. Pancake further testified that Appellant knew that Pancake had money on him often because Pancake had previously loaned Appellant money. Sasser linked Appellant to the crime when he testified that, prior to the offense, Appellant told Sasser that he might rob Pancake.

Considering the nature of the complained-of testimony, the emphasis placed on that testimony, the fact that it was cumulative, and the nature of the evidence supporting the verdict, we hold that any error was harmless. *See Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003). We overrule Appellant's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


August 28, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.