# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00406-CR

---

Jermaine Glen Harris,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
272nd District Court of Brazos County, Texas
Judge John L. Brick, presiding
Trial Court Cause No. 23-02657-CRF-272

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury found Jermaine Glen Harris guilty of assault on a peace officer. *See* TEX. PENAL CODE ANN. § 22.01(b-2). Harris pled true to one felony enhancement paragraph, and the trial court assessed his punishment at twenty years in prison. In his sole issue on appeal, Harris asserts that the evidence is legally insufficient to support his conviction. We affirm.

## Background

The indictment charged that Harris:

on or about the 1st day of April, 2023, did then and there intentionally, knowingly, and recklessly cause bodily injury to Jose Gallardo, hereafter styled the complainant, by striking him with his hand, and [Harris] knew that the complainant was a police officer and the complainant was lawfully discharging an official duty or in retaliation and on account of an exercise of official power and performance of an official duty on the part of the complainant, namely investigating a potential criminal trespass, or attempting to detain, arrest, or transport the defendant.

Jose Gallardo, an officer with the Bryan Police Department, testified at trial. Body camera video of his interaction with Harris was admitted into evidence. Gallardo explained that when he responded to a call for a criminal trespass in progress, he arrived to find Harris seated on the front porch of the complainant's residence. He further testified that when he mentioned Harris's previously-issued criminal trespass warning for the location, Harris responded by being "[v]ery evasive and aggressive." In an attempt to detain Harris, Gallardo grabbed Harris's arms and pushed him toward the residence near the front door. The complainant then opened the front door to the residence, causing Harris and Gallardo to fall to the ground. Before Gallardo could securely detain Harris, Harris escaped and ran inside of the home.

Gallardo pursued Harris, and Harris ran into a bedroom where several children were sleeping. Gallardo described Harris picking up one of the

children and holding the child in front of his body as he was trying to close the bedroom door. When Gallardo opened the bedroom door and grabbed Harris, they both fell onto the bed as the struggle continued. Harris was able to maneuver to a nearby closet. Gallardo testified that at some point, Harris grabbed a green clothes hanger. The scuffle moved back to the bedroom area before Harris was successfully detained. Gallardo testified that during the altercation, Harris struck him multiple times in the face and chest with his hand, causing pain. Photos of Gallardo's injuries depicting a cut on his finger, an abrasion on his chin, and a cut inside of his mouth were admitted into evidence.

## Sufficiency of the Evidence

Harris challenges the sufficiency of the evidence supporting the assault element of his conviction. Specifically, he claims that (1) Gallardo's injuries do not constitute "bodily injury," and (2) the evidence does not demonstrate that Harris had the requisite culpable mental state to cause bodily injury to Gallardo.

### RELEVANT LAW

A person commits the offense of assault on a peace officer if the person intentionally, knowingly, or recklessly causes bodily injury to a person the

actor knows is a peace officer while the peace officer is lawfully discharging an

official duty. *See id.*

The Court of Criminal Appeals has expressed our standard of review of

sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v.*

*State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

BODILY INJURY

The Penal Code defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8). Harris contends that Gallardo's injuries are not sufficient to constitute "bodily injury." He cites *Garcia v. State*, 367 S.W.3d 683 (Tex. Crim. App. 2012), in support of this argument. Garcia was convicted of endangering a child. *Id.* at 686. Relevant here, the Court of Criminal Appeals considered whether the evidence supported a finding that the child sustained bodily injury from "being too cold." *Id.* at 686-87. Garcia was standing outside while holding an approximately two-year-old child in 58-degree weather. *Id.* at 687. The child was wearing only a wet diaper, had blue lips, and was shivering. *Id.* The Court

determined that while the child's blue lips and shivering signified that she was very cold, she was not crying or otherwise exhibiting any signs of physical pain. *Id.* The Court held that a jury could not have reasonably inferred that the child experienced bodily injury based on the sparse record in the case. *Id.*

Here, however, photographs of Gallardo's physical injuries were admitted into evidence. Gallardo testified that the abrasion on his chin and the cut inside of his mouth were caused by Harris punching him in the face. "The fact of a physical intrusion on the body in the form of a cut or scrape can itself be sufficient evidence of the associated physical pain necessary to show 'bodily injury.'" *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi-Edinburg 1988, pet. ref'd) (citing *Bolton v. State*, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981). Moreover, Gallardo specifically testified that he felt pain from Harris striking him in the face. "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia*, 367 S.W.3d at 688. The evidence supports a finding that Gallardo suffered "bodily injury."

CULPABLE MENTAL STATE

Harris explains that he intended to use force against Gallardo solely to prevent his arrest or detention.[1] He points out that Gallardo's body camera

---

[1] A person commits the offense of resisting arrest if the person intentionally prevents or obstructs a person they know is a peace officer from effecting an arrest by using force against the peace officer. *See* TEX. PENAL CODE ANN. § 38.03.

video shows only open-handed flailing, not closed-fist punching. Harris invites us to determine "the line at which the conduct element of force used against a police officer that meets the elements of the Resisting Arrest statute ends, and the separate, required culpable mental state of reckless conduct begins for the Assault Public Servant."

Harris's request falls outside of our scope of review. Our role in a sufficiency review is to determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense of which the defendant was convicted. *See Jackson,* 443 U.S. at 319; *Villa,* 514 S.W.3d at 232.

Regarding the culpable mental state, at a minimum, the State was required to prove that Harris was "aware of but consciously disregarded a substantial and unjustifiable risk" that his conduct would cause Gallardo bodily injury. *See* TEX. PENAL CODE ANN. § 6.03(c). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.*

Harris concedes that he flailed his arms. Gallardo testified that Harris also threw several closed-fist punches and agreed on cross-examination that Harris seemed to be intentionally hitting him "square in the face" and chest.

He identified instances on the body camera video where Harris could be seen swinging his arms toward him. Gallardo testified that even though the physical contact itself was not caught on video, Harris hit or punched him in those instances. Viewing the evidence in the appropriate light, a reasonable juror could have found that Harris consciously disregarded the substantial and unjustifiable risk of injuring Gallardo with his combative actions. Even if Harris was motivated by a desire to avoid arrest or detention, the force that he used in doing so supports at least a culpable mental state of recklessness as to causing bodily injury. *See Griffis v. State*, 441 S.W.3d 599, 604-05 (Tex. App.—San Antonio 2014, pet. ref'd) (finding in its sufficiency analysis on an assault on a public servant charge that "whether Griffis's actions were a result of his resisting, as opposed to a violent attack on the officers, is also irrelevant").

Accordingly, we overrule Harris's sole issue on appeal.

## Conclusion

Having overruled Harris's sole issue on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Jermaine Glen Harris v. The State of Texas



OPINION DELIVERED and FILED:  November 26, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CR25