COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ARVIN SAENZ, | § | No. 08-11-00341-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 2 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080C11300) |
| | § | |

## O P I N I O N

Arvin Saenz appeals from the trial court's judgment convicting him of family violence assault.   In two issues, Saenz argues the evidence is insufficient and his counsel was ineffective. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Saenz was alleged to have assaulted his wife, Flor Saenz, by striking her "about the hand with a rock."   At trial, Saenz admitted that after arguing with Flor, he threw rocks at her truck, the last one thrown "in desperation" because he "believe[d] she was going to run [him] over."   Flor testified that a rock thrown by Saenz broke the driver's side window and struck her "forearm about two inches down from her wrist."

Following the incident, Flor called 911.   Upset and crying, Flor "request[ed] a police officer" because "[s]he had been injured, and there was also damage to her vehicle."   El Paso

Police Department Officer Michael Arzaga testified that Flor "was visibly upset" when he spoke to her at the scene and that he noticed Flor's "left wrist swollen, a little bit of blood coming out from her thumb." According to Officer Arzaga, Flor attributed the cause of her injury to a rock thrown by Saenz. At trial, Flor was asked if she was "hurt" when hit by the rock or if she felt any pain after being struck. Flor replied, "No."

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Saenz argues the evidence is insufficient to prove Flor sustained "bodily injury" because she testified she was not hurt or felt pain. We disagree.

### *Standard of Review*

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(finding no meaningful distinction between the legal and factual sufficiency standards and no justification for retaining both standards, therefore overruling the factual sufficiency review adopted in *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996)). When reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. Under a legal sufficiency review, we may not substitute our judgment for that of the jury, who is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the evidence.

2

*Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We therefore defer to the jury's resolution of these issues and to its responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13, *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. In resolving what the facts are and what reasonable inferences may be drawn from them, the jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony, even if uncontradicted. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd).

### *Applicable Law*

A person commits the offense of family violence assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX.PENAL CODE ANN. § 22.01(a)(1)(West 2011). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." TEX.PENAL CODE ANN. § 1.07(8)(West Supp. 2012); *Laster*, 275 S.W.3d at 524. This statutory definition is purposefully broad and encompasses even relatively minor physical contact if it constitutes more than offensive touching. *Laster*, 275 S.W.3d at 524, *citing Lane v. State*, 763 S.W.2d 785, 786 (Tex.Crim.App. 1989).

Proof of bodily injury is not dependent on the degree of injury sustained by the victim as long as some resulting physical pain, illness, or impairment of physical condition can be identified. *Lane*, 763 S.W.2d at 787; *see also Bolton v. State*, 619 S.W.2d 166, 167 (Tex.Crim.App. 1981)(evidence of cut sufficient to show bodily injury); *Arzaga v. State*, 86 S.W.3d 767, 778 (Tex.App.--El Paso 2002, no pet.)(existence of cut, scrape, or bruise sufficient evidence of

physical pain necessary to establish bodily injury within meaning of statute). Testimony that a victim experienced physical pain is not required to prove bodily injury. *Arzaga*, 86 S.W.3d at 778-79. Rather, evidence of a visible injury allows for an inference of pain. *See Arzaga*, 86 S.W.3d at 778 (jury permitted to draw inferences from evidence, including inference that victim actually felt or suffered physical pain); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex.App.--Corpus Christi 1988, pet. ref'd)(although victim did not testify he suffered "pain," jury could infer bruises and muscle strain caused "physical pain").

### *Discussion*

When viewed in the light most favorable to the verdict, the evidence was sufficient for a rational juror to find beyond a reasonable doubt that Saenz caused bodily injury to Flor. The State adduced evidence that Flor suffered a cut or abrasion. Flor testified a rock thrown by Saenz struck her and Officer Arzaga testified that Flor's left wrist was swollen and her thumb had some blood on it. The State also adduced evidence that Flor was upset and crying when she called 911 to report her injury and remained "visibly upset" when she spoke to Officer Arzaga. Thus, even though Flor testified she was not hurt and did not feel pain, the jury could have inferred from her swollen wrist, bloody thumb, and state of distress that Flor suffered physical pain. *See Arzaga*, 86 S.W.3d at 778-79; *Goodin*, 750 S.W.2d at 859; *see also Whitworth v. State*, No. 12-10-00038-CR, 2010 WL 3431595, *5 (Tex.App.--Tyler Sept. 1, 2010, no pet.)(mem. op., not designated for publication)(despite victim's failure to testify he suffered pain, jury could infer from photographs depicting abrasions to arm and from testimony describing the bite that he did). Because the evidence is legally sufficient to establish that bodily injury occurred, the jury was entitled to find

4

Saenz guilty of family violence assault.[1]

Saenz's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second and final issue, Saenz complains that his counsel was ineffective because counsel failed to ask that Flor be compelled to answer questions about her role in the incident. We disagree.

### *Standard of Review/Applicable Law*

A defendant is entitled to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App. 1983). To establish that counsel provided ineffective assistance, Saenz must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Davis v. State*, 278 S.W.3d 346, 352 (Tex.Crim.App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex.Crim.App. 1999).

In evaluating whether counsel's representation fell below the standard of prevailing professional norms, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The issue is whether

---

[1] Saenz also seems to argue that because Flor testified she was struck on the arm, rather than on the hand or wrist, "there was no evidence that [he] assaulted [Flor] by striking her on the hand" as alleged in the information. Disregarding for the moment the evidence that Flor was struck "about the hand," Saenz fails to explain how this alleged variance prejudices his substantial rights. As the Texas Court of Criminal Appeals recently explained in *Johnson v. State*, 364 S.W.3d 292 (Tex.Crim.App. 2012), variations in pleading and proof with respect to non-statutory allegations do not prejudice a defendant's substantial rights so long as the variance is not so great that the proof at trial "shows an entirely different offense" than what was alleged in the charging instrument. *Id*. at 295. Here, the proof at trial does not show that an entirely different offense than what was alleged in the charging instrument was committed.

counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688-89, 104 S.Ct. at 2064-65. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813-14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740, *quoting Mallett*, 65 S.W.3d at 63. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.*, *quoting Thompson*, 9 S.W.3d at 813. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex.Crim.App. 2007).

In evaluating whether there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different, we must be convinced that counsel's errors were so serious that they deprived the appellant of a fair trial; that is, a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In other words, an appellant bears the burden to establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is

being challenged.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2070.

## *Discussion*

Saenz has failed to establish that his counsel was ineffective.   Although Saenz asserts that his counsel erred by failing to ask that Flor be compelled to answers questions "regarding her aggressive behavior towards [him][,]" the record belies Saenz's claim.   As demonstrated below, Saenz's counsel did ask the trial court to compel Flor to answer his questions:

> [COUNSEL]: And once you walked out of the house, that you picked up some rocks from the landscaping; is that right?
>
> [FLOR]: On the advice of counsel I respectfully refuse to answer the question on the grounds that it may incriminate me.
>
> [COUNSEL]: And with those rocks you actually threatened to hit my client's car; isn't that right?
>
> [FLOR]: On the advice of counsel I respectfully refuse to answer the question on the grounds that it may incriminate me.
>
> [COUNSEL]: Your husband came out of the house at that point; is that right?
>
> [FLOR]: On the advice of counsel I respectfully refuse to answer the question on the grounds that it may incriminate me.
>
> [COUNSEL]: At some point you got into your vehicle, your truck; is that right?
>
> [FLOR]: On the advice of counsel I respectfully refuse to answer the question on the grounds that it may incriminate me.
>
> [COUNSEL]: Your Honor, at this point I would ask that the witness be compelled to answer the questions despite her invocation of the Fifth Amendment because, in fact, if the answer to the question is yes, she got into her truck, that isn't criminal activity, your honor?

To the extent Saenz is complaining that counsel should have done more than move on after being asked at the ensuing bench conference if it was necessary to continue in light of Flor's refusal "to answer anything," Saenz has not shown how counsel's performance prejudiced him.

7

Without citing authority or providing reasoned argument, Saenz simply asserts counsel's performance "was prejudicial to [his] ability to completely present his defense . . . ." But there is simply nothing in the record demonstrating a reasonable probability that the result of the proceeding would have been different had counsel insisted that Flor be compelled to answer the questions she refused to answer. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Contrary to Saenz's assertion, Saenz was not precluded from presenting his case because of his counsel's failure to insist that Flor be compelled to testify about her role in the incident. Assuming Flor had testified that she picked up some rocks with the intention of throwing them at Saenz's car and climbed into her truck at some point, her testimony would have been cumulative to Saenz's testimony he threw the rock in self-defense. This defense was included in the trial court's charge and, undoubtedly, considered by the jurors while deliberating. Thus, even if Flor had testified about her aggressive behavior towards Saenz, the jury would have been free to disbelieve her testimony and determine that Saenz did not act in self-defense. *See Williams*, 235 S.W.3d at 750 (noting that jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony); *Margraves*, 34 S.W.3d at 919 (noting that a jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony). By rejecting Saenz's claim of self-defense and convicting him of assault, the jury clearly did so. In light of the foregoing, we conclude that Saenz has not shown his counsel provided ineffective assistance. *See Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064-65.

Saenz's second issue is overruled.

## CONCLUSION

Having overruled both of Saenz's issues, we affirm the trial court's judgment.

8

July 24, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

9